THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:17-cv-00089-MR-DLH

| | |
|---|---|
| DAVID A. BARDES, individually, ) <br> as taxpayer, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THE US COURTS, ) <br> THE UNITED STATES OF AMERICA, ) <br> THE STATE OF SOUTH CAROLINA, ) <br> COUNTY OF CHARLESTON, ) <br> CORRECT CARE SOLUTIONS, LLC, ) <br> JOHN AND JANE DOE, ) <br> ) <br> Defendants. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court for a *sua sponte* review of the Plaintiff's Complaint.  Also pending before the Court are the Plaintiff's "Objections and Motion to Disqualify" [Doc. 7]; the Motions to Dismiss filed by the Defendants State of South Carolina, County of Charleston, and Correct Care Solutions, LLC [Docs. 10, 15]; the Plaintiff's "Objections and Response" [Doc. 18] to the Defendants' Motions to Dismiss; the United States' Motion to Dismiss [Doc. 21]; and the Plaintiff's "Objections and

Motions in Opposition to Federal Government's Edict" [Doc. 23]. For the reasons stated below, this action will be dismissed.

## I. BACKGROUND

The Plaintiff brings this action against the United States Courts, the United States of America, the State of South Carolina, the County of Charleston, Correct Care Solutions, LLC, and John and Jane Doe pursuant to 42 U.S.C. §§ 1983 and § 1985, seeking damages for injuries he allegedly sustained as a result of "hypothermic torture" that he claims occurred while he was being held as a detainee in the Charleston County Detention Center in Charleston, South Carolina. [Doc. 1]. The Plaintiff, acknowledging that he has filed several lawsuits regarding this matter in the past, incorporates the allegations of his dismissed lawsuits into the present action and "claim[s] every legal argument ever made, or could ever be made, and all case law in the record, in [his] favor." [Id. at 3].

## II. STANDARD OF REVIEW

Because the Plaintiff has paid the $400 fee associated with the filing of this action, the statutory screening procedure authorized under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), is not applicable. Nevertheless, the Court has inherent authority to dismiss a frivolous complaint *sua sponte*. See Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (noting that

"frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid") (citing Mallard v. United States Dist. Ct., 490 U.S. 296, 307-08 (1989)).

A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("Legally frivolous claims are based on an 'indisputedly meritless legal theory' and including 'claims of infringement of a legal interest which clearly does not exist.'") (citation omitted).

### III. DISCUSSION

#### A. Plaintiff's Action is Frivolous

The Plaintiff has previously filed at least four separate federal civil actions based on the same allegations which form the basis of the Plaintiff's present suit. See Bardes v. Margera, No. 2:08-cv-00487-PMD (D.S.C.); Bardes v. South Carolina, No. 2:10-cv-00559-PMD (D.S.C.); Bardes v. South Carolina, No. 1:11-cv-00999-CCE-LPA (M.D.N.C.); and Bardes v. Auld, No. 1:15-cv-000-214-MR-DLH (W.D.N.C.). The Plaintiff's first action was dismissed on its merits, and the subsequent actions were dismissed under the principles of res judicata/collateral estoppel. For the same reasons and based on the same authority cited in those decisions, the doctrines of res

judicata and collateral estoppel also bar the Plaintiff from re-litigating those issues in this case. "The patency of these barriers to this action renders it legally frivolous." Bardes v. South Carolina, No. 1:11-cv-00999-CCE-LPA, 2013 WL 3864405, at *2 (M.D.N.C. July 24, 2013).

In light of the Plaintiff's decision to prosecute this matter himself without the assistance of an attorney, the Court will further explain the basis of this ruling. The Plaintiff originally filed his claim in the District of South Carolina. That claim was dismissed on the merits by the Federal Court in South Carolina. If that dismissal was in error, then the Plaintiff had one avenue to challenge it: namely, appealing to the United States Court of Appeals for the Fourth Circuit. Even if that original dismissal was grossly in error (which the Plaintiff obviously feels it was), that does not give the Plaintiff the option of re-filing that suit in another district or recasting the suit as a claim against the participants in an earlier suit.

A final judgment is exactly that: final. Bringing this claim now for the fifth time does not make that first judgment any less final. This Court has the legal duty to abide by that first judgment, even if this Court were to believe that it was in error or represented a miscarriage of justice. The only option that the Plaintiff may possibly have is to have the South Carolina judgment set aside – but that can be done only by the court in the District of South

Carolina. This Court, sitting in the Western District of North Carolina, cannot set aside a judgment of the District of South Carolina. This Court simply does not have jurisdiction to do so.

For the reasons stated herein, the Court concludes that the Plaintiff's Complaint is frivolous and therefore subject to dismissal with prejudice.[1]

**B.     Plaintiff's Request for Recusal is Denied**

The Plaintiff seeks the recusal of both the undersigned and Magistrate Judge Howell. [Doc. 7]. Specifically, the Plaintiff argues that Judge Howell and the undersigned "are forever soiled in the Torturegate Scandal." [Doc. 1 at 5].

Title 28 of the United States Code, Section 455 governs the disqualification of federal judges. In pertinent part, that statute provides:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:

---

[1] Because the Court concludes that the Plaintiff's Complaint is subject to dismissal as being frivolous, the Court need not address the South Carolina Defendants' alternative request to transfer this matter to the District of South Carolina pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses and in the interest of justice. [See Doc. 15].

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding....

28 U.S.C. § 455.[2]

In the Fourth Circuit, the standard outlined in subsection (a) is analyzed objectively by determining whether a reasonable person with knowledge of the relevant facts and circumstances might question the judge's impartiality. See United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003). The

---

[2] Recusal of a federal judge is also governed by 28 U.S.C. § 144, which provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. Some courts have held that a *pro se* litigant cannot seek recusal under § 144 because it requires a certificate of "good faith" signed by a member of the bar. See, e.g., Mathis v. Goldberg, No. DKC 12–1777, 2013 WL 1232898, at *1 (D. Md. Mar. 25, 2013); aff'd, 538 F. App'x 310 (4th Cir. 2013); United States v. Rankin, 1 F. Supp.2d 445, 450 (E.D. Pa. 1998), aff'd, 185 F.3d 863 (3d Cir. June 21, 1999); Robinson v. Gregory, 929 F. Supp. 334, 338 (S.D. Ind. 1996). Even if the Plaintiff could seek relief under this statute as a *pro se* litigant, however, the Plaintiff has not filed the "timely and sufficient affidavit" required by the statute. Accordingly, the Court need not address the Plaintiff's request for recusal in the context of § 144.

"reasonable person" is a "well-informed, thoughtful observer," who is not "hypersensitive or unduly suspicious." Rosenberg v. Currie, No. 0:10-1555-DCN-PJG, 2010 WL 3891966, at *1 (D.S.C. Sept. 3, 2010) (quoting In re Mason, 916 F.2d 384, 386 (7th Cir. 1990)); see Cherry, 330 F.3d at 665 (quoting United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998) ("A presiding judge is not, however, required to recuse himself simply because of 'unsupported, irrational or highly tenuous speculation.'")).

Bias or prejudice must be proven by compelling evidence. Brokaw v. Mercer County, 235 F.3d 1000, 1025 (7th Cir. 2000). Additionally, the movant must demonstrate a bias that is extrajudicial or personal in nature, and which results in an opinion based on something other than what was learned from the judge's participation in the case. Lindsey v. City of Beaufort, 911 F. Supp. 962, 967 n.4 (D.S.C. 1995). "In other words, no recusal is warranted if the alleged bias is 'merely based upon the judge's rulings in the instant case or related cases....'" Farmer v. United States, Nos. 5:10-CR-271-FL-3, 5:12-CV-725-FL, 2013 WL 3873182, at *3 (E.D.N.C. July 25, 2013) (quoting United States v. Carmichael, 726 F.2d 158, 160 (4th Cir. 1984)).

Here, the Plaintiff has not met his burden of showing that recusal of the undersigned or Magistrate Judge Howell is appropriate. The Plaintiff has

presented nothing more than conclusory allegations of the Court's bias or prejudice against him. It is clear that these conclusory allegations are entirely based on the Court's rulings to date in this case. Moreover, the actions to which the Plaintiff cites as evidence of this Court's bias are merely the result of the Court's application of the basic legal doctrine of res judicata. In other words, this Court dismissed the Plaintiff's suit because there are no other legal alternatives available to the Court in light of the judgment against the Plaintiff in the original South Carolina case. That is not bias; that is simply following a basic legal principle. Accordingly, the Plaintiff's request for recusal must be denied.

**C.     The Court May Impose a Pre-Filing Review System**

As noted above, this is the second frivolous action that the Plaintiff has filed in this Court. Litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, successive, abusive or vexatious actions. See Demos v. Keating, 33 F. App'x 918, 920 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2002); In re Vincent, 105 F.3d 943, 945 (4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses that process. Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).

The Plaintiff is hereby informed that future frivolous filings will result in the imposition of a pre-filing review system. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004); Vestal v. Clinton, 106 F.3d 553, 555 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous. See Foley v. Fix, 106 F.3d 556, 558 (4th Cir. 1997). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. In re Martin–Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984).

## O R D E R

**IT IS, THEREORE, ORDERED** that:

(1) The Plaintiff's filing entitled "Objections and Motion to Disqualify" [Doc. 7] is **DENIED**;

(2) The Defendants' Motions to Dismiss [Docs. 10, 15, 21] are **GRANTED**; and

(3) This action is hereby **DISMISSED WITH PREJUDICE.**

The Clerk of Court is respectfully directed to close this civil action.

**IT IS SO ORDERED.** Signed: August 8, 2017

Martin Reidinger
United States District Judge